# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SANDRA BURROWS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. CIV 16-534-RAW-KEW |
| | ) | |
| ROB FRAZIER, | ) | |
| Muskogee County Sheriff,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner, a pro se pretrial detainee in the Muskogee County Jail, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1). A review of the petition shows she is challenging her detention, a detainer, and the decision or action by the Muskogee County Court. These claims are proper for a habeas corpus petition under § 2241.

Petitioner also is requesting, among other things, "a thorough and full investigation of all Muskogee County Judicial and detention agencies," as well as suspension of all county judges, "pending investigation by the Oklahoma State Bureau of Investigation and any other investigation agencies deemed fit by the court" (Dkt. 1 at 5). She further requests that "all individuals found to be guilty of any crimes or violation of the civil rights of inmates be prosecuted to the fullest extent of the law. *Id.* Petitioner, however, "does not have a federal

---

[1] Because Petitioner is incarcerated in the Muskogee County Jail, the Muskogee County Sheriff is her custodian. *See Lopez v. LeMaster*, 172 F.3d 756, 763 (10th Cir. 1999) (citing Okla. Stat. tit. 19, § 513; tit. 57, § 47) ("Under Oklahoma law, a county sheriff is in charge of the jail and the prisoners therein."). *See also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973). Therefore, Rob Frazier, Muskogee County Sheriff, is substituted as the respondent in this case, and the case name is hereby changed to Sandra Burrows, Petitioner v. Rob Frazier, Muskogee County Sheriff, Respondent. The Court Clerk is directed to note this substitution on the record.

due process right to a police investigation." *Maxey v. Banks*, 26 F. App'x 805, 808 (10th Cir. 2001) (unpublished) (citing *DeShaney v. Winnebago Cty. of Dep't of Soc. Servs.*, 489 U.S. 189, 195-97 (1989) (holding that Due Process Clause generally does not impose affirmative duty on states to aid or protect their citizens)). *See also Hayes v. County of Sullivan*, 853 F. Supp. 2d 400, 433 (S.D.N.Y. 2012) ("[A]n individual has no constitutionally protected right to an investigation by government officials of alleged wrongdoing by other government officials.") (citations omitted). Furthermore, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981); *Dohaish v. Tooley*, 670 F.2d 934, 937 (10th Cir.1982) (same).

Petitioner raises other issues that are not proper for a habeas action. She alleges dirty, unsafe, and unhealthy living conditions in the jail, with the water regularly being shut off for hours at a time (Dkt. 1 at 5). She also claims the inmates are forced to sleep in the floor, under bunks, and on the shower floors, and they regularly are denied mats, blankets, towels, hygiene items, and clean uniforms. *Id.*

These claims regarding the conditions of confinement the jail must be presented in a separate civil rights complaint, pursuant to 42 U.S.C. § 1983. If Petitioner files a proper civil rights complaint, she also must complete and file with the complaint a new motion for leave to proceed *in forma pauperis* on the Court's form, or pay the $350.00 filing fee and $50.00 administrative fee. If Petitioner files a § 1983 complaint, she may present only claims that are personal to her, and she may not present the claims of others. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). Forms for filing a civil rights complaint pursuant to 42 U.S.C. § 1983 are available from the Court Clerk.

**ACCORDINGLY,** Petitioner is directed to file an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the Court's form within twenty (20) days. The amended petition must include only claims that are proper for a habeas corpus petition, as discussed above. The Court Clerk is directed to send Petitioner the Court's form and instructions for filing a proper amended § 2241 habeas petition in this case. Failure to submit a proper amended habeas corpus petition as directed will result in dismissal of this action.

**IT IS SO ORDERED** this 24th day of April 2017.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**